**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1132
_____

STEPHEN BROWN, Known In Private Capacity as Nova Seraphim, Executor and
Beneficiary Of The Circle Of Knowledge Spiritual Trust,
Appellant

v.

DELAWARE COUNTY SHERIFFS DEPARTMENT; DELAWARE COUNTY COURT
OF COMMON PLEAS; DELAWARE COUNTY ATTORNEY GENERAL; KEVIN
BETHEL, Philadelphia Police Commissioner, In His Official Capacity (Representing The
35th Police District)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-06381)
District Judge: Honorable Harvey Bartle III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 21, 2026
Before: HARDIMAN, FREEMAN, and SCIRICA, *Circuit Judges*

(Opinion filed: July 16, 2026)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Stephen Brown appeals from the District Court's judgment in his civil rights action. We will affirm.

## I.

Brown alleged that on January 21, 2022, he was unlawfully arrested, and thereafter placed on court-ordered house arrest for the following six months. He further asserted that in November 2022, sheriff deputies assaulted and tased him, and he was ultimately transported to a hospital. Brown complained that post-hospitalization, he was illegally detained for approximately one and a half weeks.

Brown filed his complaint in the District Court on November 6, 2025, which he amended the next month. In the amended complaint, he raised civil rights claims pursuant to 42 U.S.C. § 1983 based on an alleged illegal arrest, detention, and assault.

The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), concluded that Brown's complaint was time-barred, and entered a dismissal with prejudice.

Brown timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291, and we conduct a plenary review of the District Court's disposition of a case based on the statute of limitations. *See Kach v. Hose*, 589 F.3d 626, 633 (3d Cir. 2009).

## III.

We agree with the District Court's analysis. A complaint is subject to dismissal on statute of limitations grounds if the untimeliness is apparent on the face of the complaint.

*See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). As the District Court explained, the untimeliness of Brown's claims is facially apparent.

Section 1983 borrows Pennsylvania's statute of limitations for personal-injury torts: two years. *See Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018). Brown's claim of excessive force accrued at the time of the alleged incident in November 2022. *See Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998). The District Court understood his complaint as contending he was detained for, at most, a week and a half beginning in November 2022. In a document Brown files for the first time on appeal, he now contends his incarceration continued until January 2023—during a period where his complaint only stated he "missed additional work." Dct. 16 at 3. But even were we to accept this new release date, the statute of limitations still began to run when Brown "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted). So his false imprisonment claim runs beginning, at the latest, in November 2022, following the one-and-a-half-week period he contends he was held before receiving judicial process. *See Wallace v. Kato*, 549 U.S. 384, 390 (2007). And his conditions-of-confinement claim began to run when he experienced the conditions he contends injured him, no later than his newly alleged release in January 2023. *See Sameric Corp. of Del.*, 142 F.3d at 599. Because he did not file until November 2025, more than ten months after the latest possible statute of limitations date for any of his claims in January 2025, the District Court correctly found all his claims barred.

While Brown argues that he was entitled to equitable tolling, we disagree. A plaintiff may be entitled to equitable tolling if he "in some extraordinary way has been prevented from asserting . . . [his] rights." *D.J.S.-W. by Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020) (citations omitted). Even when liberally construed, nothing in Brown's amended complaint or brief on appeal suggests that he can satisfy that standard.

Finally, we discern no abuse of discretion in the District Court's decision to dismiss Brown's 42 U.S.C. § 1983 claims with prejudice. While a District Court should usually give leave to amend, it need not when amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Such is the case here, given Brown's statute of limitations barrier. The District Court was well within its discretion to dismiss the complaint with prejudice.

Accordingly, we will affirm the District Court's order.